## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MAKOR ISSUES & RIGHTS LTD.,

      Plaintiff,

      v.

GOOGLE LLC and WAZE, INC.,

      Defendants.

C.A. No. 16-100-CFC

## GOOGLE LLC AND WAZE, INC.'S OPENING BRIEF IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

OF COUNSEL:

Michael A. Berta
Ryan J. Casamiquela
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA  94111
(415) 471-3100

Nicholas H. Lee
ARNOLD & PORTER KAYE
SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA  90017
(213) 243-4000

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

Matthew M. Wolf
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001
(202) 942-5000

Patrick C. Reidy
ARNOLD & PORTER KAYE
SCHOLER LLP
70 West Madison Street, Suite 2400
Chicago, IL  60602
(312) 583-2300

Matthew M. Wilk
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, New York  10019
(212) 836-8000

*Attorneys for Defendants*
*Google LLC and Waze, Inc.*

Dated:  June 25, 2020

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDING ...........................3

III.  STATEMENT OF FACTS .................................................................3

IV.   SUMMARY OF THE ARGUMENT ..................................................5

V.    LEGAL STANDARD ........................................................................6

VI.   ARGUMENT......................................................................................7

      A.    The Asserted Claims Represent An Abstract Idea
           Under *Alice* Step One.................................................8

      B.    The Asserted Claims Lack An "Inventive Concept"
           To Transform the Abstract Idea Into Patent Eligible
           Material, As Required Under *Alice* Step Two............12

VII.  CONCLUSION ................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Affinity Labs of Texas, LLC v. DIRECTTV, LLC*,
838 F.3d 1253 (Fed. Cir. 2016) ............................................................12

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
573 U.S. 208 (2014)...............................................................*passim*

*BSG Tech. LLC. v. Buyseasons*,
899 F.3d 1281 (Fed. Cir. 2018) ................................................12, 13, 15

*buySAFE, Inc. v. Google, Inc.*,
765 F.3d 1350 (Fed. Cir. 2014) ...............................................................6

*Content Extraction &Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014) ...............................................................6

*Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
758 F.3d 1344 (Fed. Cir. 2014) .........................................................6, 11

*Electric Power Group, LLC v. Alstom S.A*
830 F.3d 1350, 1354 (Fed. Cir. 2016). ...........................................*passim*

*Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
955 F.3d 1317 (Fed. Cir. 2020) .............................................................14

*Google LLC v. Makor Issues & Rights Ltd.*,
No. 18-1834, D.I. 63 (Fed. Cir. Aug. 9, 2019) ......................................3

*In re TLI Commc'ns, LLC Patent Litig.*,
823 F.3d 607 (Fed. Cir. 2016) ...............................................................14

*In-Depth Test, LLC v. Maxim Integrated Prods., Inc.*,
2018 WL 6617142 (D. Del. Dec. 18, 2018) .............................2, 6, 11

*Intellectual Ventures I LLC v. Capital One Bank*,
792 F.3d 1363 (Fed. Cir. 2015) ...............................................................5

*Intellectual Ventures I LLC v. Erie Indemnity Co.*,
    850 F.3d 1315 (Fed. Cir. 2017) ..............................................................5

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
    2017 WL 3706495 (D. Del. Aug. 23, 2017).........................................12

*Money and Data Protection Linzenz GMPH & Co. KG v. Duo
    Security, Inc.*,
    No. 18-1477-CFC, slip op. (D. Del. Jun. 24, 2020) ...........................15

*Ohio Willow Wood Co. v. Alps South, LLC*,
    735 F.3d 1333 (Fed. Cir. 2013) ............................................................14

*OIP Techs. Inc. v. Amazon.com*,
    788 F.3d 1359 (Fed. Cir. 2015) ..............................................................2

*Parker v. Flook*,
    437 U.S. 584 (1978)................................................................................11

*RecogniCorp., LLC v. Nintendo Co.*,
    855 F.3d 1322 (Fed. Cir. 2017) ............................................................11

*Rosenau v. Unifund Corp.*,
    539 F.3d 218 (3d Cir. 2008) ...................................................................7

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018) ...........................................................10

*TPP Tech. LLC v. Zebra Techs. Corp.*,
    403 F. Supp. 3d 382 (D. Del. Aug. 8, 2019)........................................11

*VideoShare, LLC v. Google, Inc.*
    2016 WL 4137524 (D. Del. Aug. 2, 2016)..............................................6

## Statutes

35 U.S.C. §101 ......................................................................................*passim*

## Other Authorities

IPR2016-01535, Paper 12 .........................................................................3

IPR2016-01535, Paper 32, Final Written Decision ............................3, 14

Rule 12(c)..........................................................................................*passim*

U.S. Patent No. 5,845,227.........................................................................3

U.S. Patent No. 6,401,027.........................................................................3

U.S. Patent No. 6,480,783...............................................................*passim*

## I.    INTRODUCTION

The asserted claims of U.S. Patent No. 6,480,783 (the "'783 patent") cover ineligible subject matter under 35 U.S.C. §101 because they are directed to an abstract idea without any inventive concept.  The three asserted claims (claims 15, 16, and 19) all depend from claim 12, which has already been held invalid, and recite nothing more than the steps of collecting data, processing data, and then mathematically deriving or calculating a new data set in the particular field of route calculations.  The Federal Circuit and this District consistently hold that such claims represent a patent-ineligible abstract idea.  For example, in *Electric Power Group, LLC v. Alstom S.A.*, the claims recited a very similar "process of gathering and analyzing information of a specified content."  830 F.3d 1350, 1354 (Fed. Cir. 2016).  The Federal Circuit held that "analyzing information by steps people go through in their minds, or by mathematical algorithms, without more, [is] essentially mental processes within the abstract-idea category" under step one of *Alice*.  *Id.*

Likewise, in this case, the claim language itself—reciting the steps of "comprising mathematical optimization" (claim 15), "determining … statistical predictions" (claim 16), and "calculations … based on accumulated time criteria algorithms" (claim 17)—confirms that the asserted claims are mathematical algorithms.  And, as this Court recognized, such steps are "the type of

mathematical computation that the Supreme Court has deemed an abstract idea." *In-Depth Test, LLC v. Maxim Integrated Prods., Inc*., 2018 WL 6617142, *5 (D. Del. Dec. 18, 2018).

The analysis under step two of *Alice* confirms that the asserted claims are devoid of any inventive concept that renders patentable an otherwise abstract idea. The asserted claims neither recite particularized hardware to collect, process, or derive calculations, nor do they require any inventive programming.  In fact, the '783 patent readily acknowledges that the claimed data collection features are well-known.  Speaking directly to such circumstances, the Federal Circuit makes clear that abstract ideas cannot be transformed into patentable material when the "claims merely recite well-understood, routine conventional activities, either by requiring conventional computer activities or routine data-gathering steps."  *OIP Techs. Inc. v. Amazon.com*, 788 F.3d 1359, 1363 (Fed. Cir. 2015).  Confirming as much, the asserted claims are not patentably distinct from other claims in the '783 patent that the Patent Trial and Appeal Board ("PTAB") already deemed unpatentable over the prior art.  On this record, the ineligibility determination is suitable for resolution on the pleadings, and Google respectfully requests that the Court enter an order holding claims 15, 16, and 19 patent ineligible.  *See In-Depth Test*, 2018 WL 6617142, *5-7 (granting Rule 12(c) motion that claims directed to mathematical computations were patent ineligible under Section 101).

## II.    NATURE AND STAGE OF THE PROCEEDING

On February 19, 2016, Plaintiff Makor Issues & Rights Ltd. ("Makor") filed this lawsuit for patent infringement against Defendants Google LLC ("Google") and Waze, Inc. ("Waze") (collectively, "Defendants").  (D.I. 1.)  This Court stayed the case pending *inter partes* review ("IPR") proceedings.  (D.I. 43.)  After the stay was lifted, the Court entered a Scheduling Order (D.I. 55; *see also* D.I. 60), and the parties have since exchanged their respective infringement and invalidity contentions and commenced the claim construction briefing process.

## III.    STATEMENT OF FACTS

After Makor brought this litigation, Defendants filed IPR petitions with the PTAB, challenging various claims from the '783 patent.  (*See, e.g.*, Ex. A, IPR2016-01535, Paper 12, Corrected Petition.)[1]  The PTAB issued Final Written Decisions concluding that claims 1, 3, 6, 12-14, 18, 20, and 23 are unpatentable, and the Federal Circuit affirmed.  (*See, e.g.*, Ex. B, IPR2016-01535, Paper 32, Final Written Decision; Ex. C, *Google LLC v. Makor Issues & Rights Ltd.*, No. 18-1834, D.I. 63 (Fed. Cir. Aug. 9, 2019).)  In particular, the PTAB held claim 12 unpatentable based on U.S. Patent No. 6,401,027 ("Xu") in view of U.S. Patent No. 5,845,227 ("Peterson").  (Ex. B at 39.)  Importantly, cancelled claim 12 is the independent claim from which asserted claims 15, 16, and 19 depend ("asserted

---

[1] All citations to "Ex. __" are to the Declaration of Michael A. Berta, filed herewith.

3

claims").[2]  (Ex. D ('783 patent) at 23:22-32, 23:43-24:7.)  The PTAB did not

consider Xu in view of Peterson for claims 15, 16, and 19.[3]  (Ex. B.)

Claim 12 is expressly directed to a mathematical calculation, including steps

of collecting data, processing it, and then computing other values therefrom.

Specifically, claim 12 recites a "***method of calculating*** an optimal fastest short and

long range composite travel route," including the steps of  "***collecting*** GPS data at

predetermined time intervals," "***processing*** in real time said GPS data and

transforming them into appropriately structured data," "storing and ***updating***

***statistical data*** on traffic loads on individual roads," "***collecting*** GPS data and

***computing individual statistical travel time estimates***," "periodical ***updating of***

***the said statistical data using statistical criteria***," "***computing*** real time traffic jam

identification at various locations," among other steps.  (Ex. D at 22:51-23:14.)[4]

Claims 15, 16, and 19 depend from claim 12, and merely recite additional steps for

performing further mathematical calculations:

- Claim 15 recites a step of "***mathematical optimization*** of estimated travel

  times" based on "current time range," "data from a predetermined

  intermediate time range," and "statistical travel times."  (*Id*. at 23:22-30.)

---

[2] Claim 19 depends on independent claim 12 through dependent claim 18, which
the PTAB also found unpatentable in view of Xu and Peterson.  (Ex. B.)
[3] Nor did the PTAB consider the patentability of the asserted claims under 35
U.S.C. § 101, which is not a reviewable issue in an IPR proceeding.
[4]  Emphasis is added throughout unless indicated otherwise.

- Claim 16 recites a statistical analysis step of "***determining*** the intermediate time range ***statistical predictions***." (*Id*. at 23:30-32.)

- Claim 19 covers a step directed at "calculations" based on time-related "algorithms," reciting "multi-stage ***calculations*** of optimal travel route based on accumulated ***time criteria algorithms***" using "current travel times, statistical travel times, and standard travel times." (*Id.* at 23:43-24:7.)

## IV.    SUMMARY OF THE ARGUMENT

The claims of the '783 patent are not patent eligible under the two-step test set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217-18 (2014) because they: (1) are directed to an abstract idea of mathematically manipulating data; and (2) lack any inventive concept to make them patent eligible.

1.    Under *Alice* step one, the asserted claims are directed to the abstract idea of collecting, processing, and mathematically computing data sets.  Federal Circuit precedent is well settled that such claims are not eligible for patent protection.  *See, e.g., Intellectual Ventures I LLC v. Erie Indemnity Co*., 850 F.3d 1315, 1327 (Fed. Cir. 2017) (holding claims directed to "organizing and accessing records through the creation of an index-searchable database" were patent ineligible); *Intellectual Ventures I LLC v. Capital One Bank*, 792 F.3d 1363, 1367 (Fed. Cir. 2015) (holding claims "directed to an abstract idea: tracking financial transactions to determine whether they exceed a pre-set spending limit (i.e.,

budgeting)"); *Content Extraction &Transmission LLC v. Wells Fargo Bank*, *Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (claims patent ineligible when directed to "collecting data," "recognizing certain data within the collected data set," and "storing that recognized data in a memory."). Simply put, claims are "not patent eligible" when, as here, they recite "a process that employs mathematical algorithms to manipulate existing information to generate additional information." *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014).

2.    Under Alice step two, the asserted claims lack any inventive concept because they place no meaningful limitations on the abstract idea. Instead, the claims recite conventional, well-known elements. Generic components such as a "processor," "GPS locator," "map database," "display unit," and "receiver"—all of which the '783 patent readily concedes "could be found in existing" technology— cannot transform a patent-ineligible abstract idea into a patent-eligible invention.

## V.    LEGAL STANDARD

"Patent eligibility under § 101 is a question of law suitable for resolution on a motion for judgment on the pleadings." *In-Depth Test* , 2018 WL 6617142 at *3; *see buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (affirming grant of Rule 12(c) motion that claims are invalid under Section 101); *VideoShare,*

*LLC v. Google, Inc.* 2016 WL 4137524, at *3 (D. Del. Aug. 2, 2016) (granting Rule 12(c) motion of patent ineligibility).

Under Federal Rule of Civil Procedure 12(c), this Court may grant a motion for judgment on the pleadings when "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). Here, no material issue of fact remains because the asserted claims: (i) are expressly directed to a mathematical algorithm, which is an abstract idea; and (ii) plainly have no transformative elements given that the specification concedes that the claimed features are well-known.

## VI.   ARGUMENT

In *Alice*, the Supreme Court set forth a two-step process for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts" pursuant to 35 U.S.C. § 101. 573 U.S. at 217. First, the Court "determine[s] whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* At this step, courts treat "analyzing information by steps people go through in their minds, or by mathematical algorithms, without more, as essentially mental processes within the abstract-idea category." *Electric Power*, 830 F.3d at 1354 (collecting cases). Second, if the claims are directed to a patent-ineligible concept, the Court then

searches for an "inventive concept"—that is, "an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S. at 217-18 (alteration in original).

The asserted claims are each directed to an abstract idea under *Alice* step one, and each lacks an inventive concept under *Alice* step two.

### A.    The Asserted Claims Represent An Abstract Idea Under *Alice* Step One

Federal Circuit authority establishes that the asserted claims represent an abstract idea in the form of a mathematical algorithm or mental process.  The *Electric Power* decision is particularly instructive.  In that case, the challenged claims recited:

- "receiving a plurality of data streams" of "phasor measurements";

- "detecting and analyzing events in real time from the plurality of data streams...";

- "displaying the event analysis results and diagnoses of events ... from different categories of data and the derived metrics in visuals, tables, charts, or combinations thereof…";

- "accumulating and updating the measurements from the data streams and the dynamic stability metrics, grid data, and non-grid data in real time..."; and

- "deriving a composite indicator of reliability" that "is derived from a combination of one or more real time measurements or computations of measurements…."

830 F.3d at 1351-52.  The Federal Circuit held that these claims covered nothing more than an abstract process of collecting and storing data, processing it, and then deriving a calculation, akin to claiming a mathematical algorithm or mental process.  The court explained that "we have treated analyzing information by steps people go through in their minds, or by mathematical algorithms, without more, as essentially mental processes within the abstract-idea category."  *Id.* at 1354.

The same holds true in this case, where asserted claims 15, 16, and 19 in the instant matter follow the same pattern: collecting data, processing it, and then providing calculations therefrom.  The asserted claims 15, 16, and 19 depend from independent claim 12, which are all directed to similarly ineligible steps of collecting, storing, updating, processing, and calculating:

- "***calculating*** an optimal fastest short and long range composite travel route for a predetermined extended time period..." (claim 12);

- "***providing a map database*** containing digital road maps of a predefined geographical region" (claim 12);

- "***processing in real time*** said GPS data and transforming them into appropriately structured data suitable ***for being store***d" (claim 12);

- "*collecting* GPS data and *computing* individual statistical travel time estimates" (claim 12);

- "*storing and updating* statistical data on traffic loads...." (claim 12);

- "periodical *updating* of said *statistical data* using statistical criteria" (claim 12);

- "*computing* real time traffic jam identification" (claim 12);

- "comprising *mathematical optimizatio*n of estimate travel times" (claims 15, 16); and

- "comprising multi-stage *calculations . . . based on accumulated time criteria algorithms*" (claim 19).

(Ex. D at 22:51-23:14, 23:21-32, 23:43-24:7.)  As the Federal Circuit has aptly explained: "The focus of the claims, as is plain from their terms, quoted above, is on selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis.  That is all abstract."  *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (affirming Rule 12(c) motion that claims are patent ineligible).

Indeed, the Supreme Court, Federal Circuit, and this District consistently hold that claims—closely analogous to the asserted claims here—directed to collecting and storing data, processing it, and then deriving or calculating therefrom a new data set represent a mathematical algorithm or mental process

10

tantamount to an ineligible abstract idea.  The Supreme Court has long instructed

that when, as here, "a claim is directed essentially to a method of calculating, using

a mathematical formula, even if the solution is for a specific purpose, the claimed

method is nonstatutory."  *Parker v. Flook,* 437 U.S. 584, 595 (1978).  Similarly,

the Federal Circuit directs that a "process that started with data, added an

algorithm, and ended with a new form of data was directed to an abstract idea."

*RecogniCorp., LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017); *see*

*Digitech*, 758 F.3d at 1351 (Fed. Cir. 2014) ("[A] process that employs

mathematical algorithms to manipulate existing information to generate additional

information is not patent eligible.").  Following these basic precepts, courts in this

District make clear that when claims cover "collecting information and inputting

that information into a series of mathematical equations to compute a value. Such

data collection and mathematical computations are quintessential abstract ideas."

*TPP Tech. LLC v. Zebra Techs. Corp.*, 403 F. Supp. 3d 382, 387 (D. Del. Aug. 8,

2019); *see In-Depth Test*, 2018 WL 6617142, at *5 (identifying statistical outliers

in a data set "is essentially doing math" and "is akin to calculating standard

deviations, and it is the type of mathematical computation that the Supreme Court

has deemed an abstract idea").

    Moreover, that the asserted claims are limited to a particular field (*e.g.*,

calculating a travel route between a starting point and destination point) or recite

computer components that perform the claimed steps does not make them any less abstract. "[M]erely limiting the field of use of the abstract idea to a particular . . . environment does not render the claims any less abstract." *Affinity Labs of Texas, LLC v. DIRECTTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, 2017 WL 3706495, *9-11 (D. Del. Aug. 23, 2017) (granting summary judgment that claims are invalid under Section 101 and reasoning that "claims that limit an abstract idea to a particular environment are no less abstract for the step 1 analysis," and therefore "limiting the claims to particular field of use … is unavailing for purposes of step 1").

**B.    The Asserted Claims Lack An "Inventive Concept" To Transform the Abstract Idea Into Patent Eligible Material, As Required Under *Alice* Step Two**

The asserted claims lack features that provide an inventive concept to transform an otherwise abstract idea into a patent-eligible invention.

As an initial matter, Makor cannot rely on the same claimed features that represent the abstract idea; instead, Makor must identify non-abstract features of the claimed invention for transforming the claims under *Alice* step two.  The relevant inquiry is "not whether the claimed invention as a whole is unconventional or non-routine." *BSG Tech. LLC. v. Buyseasons*, 899 F.3d 1281, 1290 (Fed. Cir. 2018).  Rather, this Court assesses "whether the claim limitations *other than the invention's use of the ineligible concept to which it was directed* were well-understood, routine, and conventional.' *Id.*; *Electric Power*, 830 F.3d at

1355 ("collection, analysis, and display does nothing significant to differentiate" the claimed invention from the excluded abstract idea). To that end, no inventive concept exists when an abstract idea is used in a conventional way. *BSG*, 899 F.3d at 1290-91. Here, as explained above, the asserted claims recite nothing more than the abstract idea of collecting, storing, updating, processing and mathematically manipulating data. (*See* Ex. D at 22:51-23:14, 23:22-32, 23:42-24:7 ("collecting," "processing," "storing," "updating," "computing," "mathematical optimization," "based on accumulated time criteria algorithms").) Thus, those same elements that render the claims abstract must be excluded from consideration under *Alice* step two.

As a result, what remains in the asserted claims are limitations to implement the abstract idea. Those limitations, however, lack any inventive techniques, novel processing devices, or new information sources. Indeed, as established by the PTAB's Final Written Decision and the Federal Circuit's affirmance, every limitation of independent claim 12 and dependent claim 18 were well known in view of the existing art. (*See* Ex. B.) The components recited in those claims cannot, by definition, provide the requisite inventive concept here. "It is well-settled that mere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea. Rather, the components must involve more than performance of well-understood, routine, conventional

13

activities." *In re TLI Commc'ns, LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016).  Thus, "where, as here, the bulk of the claim provides an abstract idea, and the remaining limitations provide only necessary antecedent and subsequent components, the claim's character as a whole" is non-inventive.  *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1326 (Fed. Cir. 2020).[5]

The '783 patent specification confirms as much by readily acknowledging that the claims involve components that were already known, conventional, and/or generic.  Indeed, the '783 patent explains that the various components were "conventional" and "could be found in ***existing*** inventions."  (Ex. D at 1:36-44 (invention relies on "mobile GPS carrying sample vehicles" that were well known); *id.* at 5:48-52 (navigation unit includes generic "processor," "GPS

---

[5] Further confirmation of the lack of an inventive concept of the asserted claims is evidenced by comparing them to the other claims that the PTAB found unpatentable in view of the prior art during *inter partes* review proceedings. (*Compare* Ex. D at claims 15, 16, 19 (asserted claims), *with* Ex. D at claims 12, 14, 18 (unpatentable) *and* Ex. B (IPR2016-01535, Paper 32, Final Written Decision).) Those other now-invalid claim limitations are not patentably distinct from the limitations recited in the asserted claims.  And because of that, the asserted claims present substantially the same issues of patentability, which creates a collateral estoppel effect that also renders them unpatentable.  *See Max Linear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1377-78 (Fed. Cir. 2018) ("We note that the collateral-estoppel effect of an administrative decision of unpatentability generally requires the invalidation of related claims that present identical issues of patentability."); *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("precedent does not limit collateral estoppel to patent claims that are identical…. If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.").

locator," "map database," "display unit," and "receiver"); *id.* at Fig. 4 (showing

same); *id.* at  9:43-46 ("databases are updated via satellite IP-Multicasting

broadcast, or via other ***conventional*** wireless solutions like cellular modem"); *id.*

at 9:9-13 (invention uses IP multicasting technology in prior art publication).)

Furthermore, the patent fails to disclose any inventive programming or formula for

deriving a mathematically optimized travel route.  At best, the asserted claims

simply recite known components that are claimed to perform the mental processes

and mathematical calculations that constitute the abstract idea itself.  (*Id.* at 23:10-

13, 23:21-30, 24:4-7; *Electric Power*, 830 F.3d at 1355 (finding no claim

limitations that are separate from the abstract idea); *BSG*, 899 F.3d at 1290

(same).)  Indeed, the limitations recited in the three asserted claims do not add any

distinctive significance over the known components or techniques set forth in

invalid claims 12 and 18, which further underscores the lack of a patentable

inventive concept over the abstract idea.  S*ee Money and Data Protection Linzenz

GMPH & Co. KG v. Duo Security, Inc.*, No. 18-1477-CFC, slip op. at 12-13 (D.

Del. Jun. 24, 2020) (granting Rule 12(c) motion when limitations in asserted

dependent claims did "not add distinctive significance" over independent claim).

Accordingly, the asserted claims entirely lack any transformative features,

let alone transformative features that add "significantly more" to the claims to

make an otherwise abstract idea into an "inventive concept."  *BSG*, 899 F.3d at

15

1289-90 ("[T]ransformative elements must supply an 'inventive concept' that ensures the patent amounts to 'significantly more than a patent upon the ineligible concept itself.'") (citing *Alice*, 573 U.S. at 215).

* * *

For the foregoing reasons, the asserted claims are ineligible under 35 U.S.C. § 101.

## VII.  CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion for judgment on the pleadings, finding that the asserted claims are ineligible under 35 U.S.C. § 101.

Dated:  June 25, 2020

*Of Counsel*:

Michael A. Berta
Ryan J. Casamiquela
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Phone: (415) 471-3100
Fax: (415) 471-3400
michael.berta@arnoldporter.com
ryan.casamiquela@arnoldporter.com

Nicholas H. Lee
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Phone: (213) 243-4000
Fax: (213) 243-4199
nicholas.lee@arnoldporter.com

Patrick C. Reidy
ARNOLD & PORTER LLP
70 West Madison Street Suite 4200
Chicago, IL 60602
Phone: (312) 583-2300
Fax: (312) 583-2360
patrick.reidy@arnoldporter.com

Matthew M. Wilk
ARNOLD & PORTER LLP
250 West 55th Street
New York, NY 10019
Phone: (212) 836-8000
Fax: (212 ) 836.8689
matthew.wilk@arnoldporter.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendants*
*Google LLC and Waze, Inc.*

17

## **CERTIFICATE OF WORD COUNT AND TYPEFACE**

The undersigned hereby certifies that the word count in the foregoing Opening Brief In Support Of Motion For Judgment On The Pleadings is 3,530 words, which is less than the 5,000 allowed under the Court's Standing Order Regarding Briefing in All Cases.  The undersigned also certifies that the foregoing document is typed in Times New Roman, 14-point font.


*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 25, 2020, upon the following in the manner indicated:

David L. Finger, Esquire                                 *VIA ELECTRONIC MAIL*
FINGER & SLANINA, LLC
One Commerce Center
1201 North Orange Street, 7th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Ronald Abramson, Esquire                         *VIA ELECTRONIC MAIL*
David G. Liston, Esquire
Ari J. Jaffess, Esquire
Alex G. Patchen, Esquire
M. Michael Lewis, Esquire
LISTON ABRAMSON LLP
The Chrysler Building
405 Lexington Avenue, 46th Floor
New York, NY  10174
*Attorneys for Plaintiff*

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)

1